78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carolyn F. PITTELLI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3019.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1996.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carolyn F. Pittelli appeals the decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying Ms. Pittelli's request for retroactive retirement benefits pursuant to the Civil Service Retirement Act, 5 U.S.C. § 8331 et seq., for the period from May 1, 1992, through August 31, 1992. The Board found that Ms. Pittelli's employing agency did not have authority to grant a special option retirement to her on the date she claims, and she was not eligible for voluntary retirement at that time on any other basis. We affirm.
 
 DISCUSSION
 
 2
 Ms. Pittelli was a Postal Service employee who, by January 20, 1992, had completed 25 years of service and had reached 50 years of age. On August 7, 1992, the Postal Service issued a notice to eligible employees, including Ms. Pittelli, that the Postal Service had received an OPM approval to offer a special early retirement option. The early retirement option was made available to facilitate a reorganization of the Postal Service by restructuring and downsizing its overhead functions. In order to take advantage of this early retirement option, an employee's retirement was required to take effect between August 17, 1992 and October 3, 1992.
 
 
 3
 Ms. Pittelli elected to retire, effective September 1, 1992, within the requisite window of opportunity. Ms. Pittelli's notification of personnel action stated that Ms. Pittelli's last day in pay status was April 17, 1992, although it is not clear from the record why this is so. Ms. Pittelli therefore asked for her retirement annuity to begin on May 1, 1992, rather than September 1, 1992. Based on the Board's construction of 5 U.S.C. § 8345 and 5 U.S.C. § 8336, the Board determined that Ms. Pittelli was eligible for her annuity starting September 1, 1992.
 
 
 4
 This court will affirm a decision of the Board unless the decision is found to be (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Questions of statutory interpretation are reviewed by the court de novo. Rosete v. Office of Personnel Management, 48 F.3d 514, 517 (Fed.Cir.1995).
 
 
 5
 5 U.S.C. § 8345 provides, in pertinent part:
 
 
 6
 (b)(1) Except as otherwise provided--
 
 
 7
 (A) an annuity of an employee or Member commences on the first day of the month after--
 
 
 8
 (i) separation from the service; or
 
 
 9
 (ii) pay ceases and the service and age requirements for title to annuity are met.
 
 
 10
 Relying on this provision, Ms. Pittelli contends that, since her pay ceased on April 17, 1992, and the service and age requirements for titled to one's annuity set forth in 5 U.S.C. § 8336(d)(2)(A) were also met on that date, her annuity should have been paid beginning May 1, 1992.
 
 However, under 5 U.S.C. § 8336(d):
 
 11
 (d) An employee who--
 
 
 12
 * * *
 
 
 13
 (2) while serving in a geographic area designated by the [OPM], is separated from the service voluntarily during a period in which the Office determines that--
 
 
 14
 (A) the agency in which the employee is serving is undergoing a major reorganization ... after becoming 50 years of age and completing 20 years of service is entitled to an annuity.
 
 
 15
 As the Board pointed out, retirement based upon 20 years of service and 50 years of age is contingent upon a major agency reorganization. OPM granted the Postal Service authority to conduct a major reorganization, and granted the Postal Service an early retirement option during a certain window of opportunity. Because Ms. Pittelli did not become eligible for early retirement under 5 U.S.C. § 8336 until that window of opportunity opened, the Board properly found that Ms. Pittelli's annuity commenced on September 1, 1992. Therefore, the Board's decision is affirmed.